UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-61421-BLOOM/VALLE

AIMEN SARSOUR,

    Plaintiff,

v.

SIMONS HALLANDALE, INC.,
d/b/a SIMONS SPORTSWEAR,
a Florida Corporation, DANI SHIMON,
and ILAN SHIMON,

    Defendants.
_____/

## *AMENDED* JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, AIMEN SARSOUR ("Plaintiff") and Defendants, SIMONS HALLANDALE, INC., ILAN SHIMON, and DANI SHIMON ("Defendants") (hereinafter collectively referred to as the "Parties"), by and through their respective undersigned counsel and in accordance with the Court's September 24, 2015 Order Denying Approval of Settlement, [ECF No. 27], hereby file this *Amended* Joint Motion for Court approval of the mutually-agreed upon terms and conditions of their settlement between them of Plaintiff's claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq*.

If the Court approves the Parties' Amended Settlement Agreement, the Parties respectfully request dismissal of the above-captioned action with prejudice, in its entirety, with the Parties to bear their own costs, fees, and expenses except as otherwise set forth in the Amended Settlement Agreement. In support thereof, the Parties state as follows:

1

## INTRODUCTION AND PROCEDURAL HISTORY

1. On or about July 9, 2015, Plaintiff filed his Complaint for alleged unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") against Defendants (the "Action").

2. The parties are represented by counsel experienced in the litigation of employment related matters, including actions filed pursuant to the FLSA.

3. On or about September 10, 2015, the Parties entered into a settlement of the Action and executed a Settlement Agreement.

4. Defendants deny any and all allegations of wrongdoing, liability or fault in the Action, and under the terms of the Settlement Agreement, do not admit liability. Plaintiff maintains that he is due unpaid overtime compensation. Therefore, this is a resolution of a disputed claim.

5. To avoid the costs associated with continued litigation, and after detailed negotiations, the Parties reached a complete settlement of the claims asserted by Plaintiff. The parties have authorized the settlement and believe that its terms are fair and reasonable in all respects under the circumstances of this action.

6. On or about September 22, 2015, the Parties filed their Joint Motion for Settlement Approval and for Dismissal with Prejudice, with a proposed order attached as an Exhibit. The Settlement Agreement was submitted to the Court for an in-camera inspection. [ECF No. 26].

7. On or about September 24, 2015, the Court entered an Order Denying Approval of Settlement, [ECF No. 27], directing the Parties to file their Settlement Agreement and to comply with the remaining terms of said Order by September 30, 2015.

8. In accordance with the Court's September 24, 2015 Order and *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), the Parties seek Court approval of the

settlement of Plaintiff's FLSA claims.  A copy of the proposed Amended Settlement Agreement is attached hereto as Exhibit "A."

9. The parties also condition this settlement on the Court retaining jurisdiction to enforce its terms.

WHEREFORE, Plaintiff and Defendants jointly move for Court approval of their Amended Settlement Agreement and for the entry of the proposed Order being submitted contemporaneous with this Motion, following which the Parties jointly move that this case be dismissed with prejudice and that the case be closed.

## MEMORANDUM OF LAW AND ARGUMENT

There are two ways that FLSA claims may be settled, compromised, or released by an employee. *Lynn's Food Stores*, 679 F.2d at 1352-53.  The first, which has no application in the instant case, permits resolution of claims under the supervision of the United States Department of Labor.  *Id.*  The second, which *does* apply in the instant case, permits judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context.  The employees are likely to be represented by an attorney who can protect their rights under the statute.  Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.  If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354; *see also Brooks v. Continental Property Services, Inc.*, No. 6:07-cv-1513-ORL-19GJK, 2008 WL 781825 (M.D. Fla. Mar. 19, 2008) (approving FLSA settlement in accordance

with *Lynn's Food Stores*); *Swailes v. Surety Construction Co.*, No. 2:07-cv-279-FtM-29DNF, 2008 WL 875981 (M.D. Fla. Mar. 27, 2008) (same).

When asked to review and approve the terms of settlement under the FLSA, there is a "strong presumption" in favor of approval. *Dail v. George A. Arab, Inc.*, 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005); *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172 (E.D. La. Sept. 23, 2004) (there is a "strong presumption in favor of finding a settlement fair) (citing *Cotton v. Hinton,* 559 F.2d 1326, 1331 (5th Cir. 1977)); *see also Schottborgh v. Motor Car Concepts, II, Inc.*, 2009 WL 4730615, at *2 (M.D. Fla. Dec. 9, 2009) ("The Court should be mindful of the strong presumption in favor of finding a settlement fair."); *Tobar v. Khan*, No. 6:10–cv–239–Orl–22DAB, 2011 WL 564588, at *1 (M.D. Fla. Feb. 1, 2011), adopted at 2011 WL 397898 ("Settlement in the amount of $850 to Plaintiff for unpaid wages and liquidated damages, and $1400 for attorney's fees and costs is a fair and reasonable settlement" where there were disputed issues).

The settlement here is the negotiated results of an adversarial proceeding, which itself is an indication of its fairness. In *Lynn's Food Stores,* Judge Goldberg, sitting on the Eleventh Circuit by designation, noted that the initiation of the action by the employees provides some assurance of an adversarial context. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. 679 F.2d at 1354.

The Parties agree the proposed Amended Settlement Agreementis reasonable and fair, and that in arriving at the proposed settlement they considered: (1) liability disputes, including whether Plaintiff was compensated properly for all wages in accordance with the FLSA, (2) whether Plaintiff was exempt from the overtime requirements of the FLSA, (3) whether

Plaintiff is entitled to alleged liquidated damages and whether the alleged FLSA violations were willful, and (4) the likelihood of Plaintiff's success on the merits.

Under the factors outlined in *Manson v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-Orl-35GJK, 2012 WL 570060, at *1-2 (M.D. Fla. Feb. 17, 2012), the parties assert that: (1) there is absolutely no collusion behind the Agreement; (2) while not substantially complex, the expense and likely duration of the litigation would by far have exceeded the amount of the settlement reached; (3) settlement was reached relatively early in the proceedings, however, given the substantial amount of evidence, the number of witnesses involved, and the number of legal implications surrounding the case, this matter would have required extensive litigation and judicial involvement; (4) while Plaintiff alleged violations of the FLSA, there was also strong opposition and a possibility that Plaintiff would not have been able to prevail; (5) while too early to estimate with certainty the range of possible recovery for Plaintiff, there was potential of Plaintiff not recovering anything at all; and (6) in the opinions of counsel and their respective clients the settlement reached – including the separate amount negotiated for Plaintiff's attorneys' fees and costs - was in the best interest of the parties and represented a fair and reasonable compromise of disputed claims.

The Parties have been represented by counsel experienced in FLSA litigation at all times. The Plaintiff filed a statement of claim in this matter, and Defendants' counsel discussed the payroll and timesheet records for Plaintiff, and asserted that the amounts set forth in the statement of claim were not supported by the actual time records. Prior to settlement, Defendants' Counsel communicated with Plaintiff's Counsel and advised that Defendants would seek leave of Court to amend their affirmative defenses to assert the overtime exemption for managerial employees. Further, if this matter had not resolved, Defendants would have

sought leave to amend their affirmative defenses to allege the overtime exemption for commissioned employees of retail and service establishments. Additionally, Defendants asserted that Plaintiff had sued the incorrect entity, denied the allegations of FLSA violations, and denied individual liability was appropriate in this case. Finally, Defendants asserted that even if their was a violation of the FLSA, they acted in good faith and had reasonable grounds for believing they were paying Plaintiff properly, thus Plaintiff would not be entitled to an award of liquidated damages. Plaintiff had completed drafting his amended complaint to add another entity as a defendant, but the case was resolved before the motion for leave and the amended pleading were filed.

Defendants contend that the settlement amount being paid to Plaintiff (not including attorneys fees being paid to Plaintiff's counsel) exceeds the total amounts of actual un-liquidated damages that the timesheet and payroll records indicate Plaintiff would be entitled to in the event he prevailed in this matter at trial. Defendants contend that Plaintiff's maximum recovery Plaintiff could obtain at trial, assuming he could overcome all of the defenses raised or proposed to be raised by Defendants – is $10,879.74. Plaintiff had estimated his back pay to be $10,781.25. Taking into account the defenses in this matter, the expenses involved, and the risk that Plaintiff faces in the event he was to proceed to trial in this case, the Parties have agreed to settle this claim by having Defendants pay to Plaintiff $6,347.50, less applicable tax withholdings, as payment for all unpaid overtime wages. Further, although Defendants maintain that they acted in good faith, and any violation of the FLSA was based on reasonable grounds, as part of this compromise they have agreed to pay Plaintiff an equal amount of back pay ($6,347.50) as liquidated damages. Therefore, the total amount being paid to Plaintiff ($12,695.00) exceeds the total amount of unpaid overtime Defendants'

contend the time records show Plaintiff would be entitled to if he prevails on all of his overtime claims at trial. The Defendants have also agreed to pay Plaintiff's counsel an attorney's fee and cost reimbursement in the total amount of $9,305.00, and the parties agree that this is fair and reasonable under the circumstances.

Counsel have zealously represented their clients' respective interests, and have negotiated a settlement that is acceptable to Plaintiff and Defendants. The Parties therefore request that the Court approve the Amended Settlement Agreement. A proposed Order accompanies this Motion.

**WHEREFORE**, Plaintiff and Defendants respectfully request that the Court: (i) approve the terms and conditions of the Amended Settlement Agreement; (ii) dismiss the instant action in its entirety with prejudice, each party to bear its own costs, fees, and expenses except as otherwise set forth herein; and (iii) retaining jurisdiction to enforce the terms of the Parties' Amended Settlement Agreement should such enforcement be necessary.

DATED this 30th day of September, 2015.

Respectfully submitted,                                           Respectfully submitted,

/s/ *PaulF.Penichet*                                              */s/ Joshua M. Entin*
PAUL F. PENICHET, ESQ.                                            JOSHUA M. ENTIN, ESQ.
Fla. Bar No: 899380                                               Fla. Bar No: 493724
paul@penichetlaw.com                                              josh@entinlaw.com
PENICHET LAW                                                      CANDACE D. CRONAN, ESQ.
9655 S. Dixie Hgwy, Suite 310                                     Fla. Bar No: 90983
Miami, Florida 33156                                              candace@entinlaw.com
Tel: (305) 373-8809                                               ENTIN & DELLA FERA, P.A.
Fax: (954) 373-8810                                               633 S. Andrews Avenue, Suite 500
*Counsel for Plaintiff,*                                          Fort Lauderdale, Florida 33301
*AimenSarsour*                                                    Tel: (954) 761-7201
                                                                  Fax: (954) 764-2443
                                                                  *Counsel for Defendants, Simons*

*Hallandale, Inc., Dani Shimon and Ilan Shimon*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of September 2015 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

> */s/Joshua M. Entin*
> JOSHUA M. ENTIN, ESQ.
> FLORIDA BAR NO.: 493724

## SERVICE LIST
### United States District Court, Southern District of Florida
### Case No.: 15-cv-61421-Bloom

Paul Fernandez Penichet, Esq.
Penichet Law
9655 South Dixie Highway, Suite 310
Miami, FL 33156
Tel: (305) 373-8809
Fax: (305) 373-8809
Email: ecm@penichetlaw.com
Attorney for Plaintiff, AimenSarsour
*Via CM/ECF Notice of Electronic Filing*